Southard J.
The parties appeared on the return day of the summons, and the justice adjourned the cause for the usual time. After the adjournment had been made, but on the same day, the ^plaintiff filed his state of domand. On the day of trial a nonsuit was moved, because the state of demand was not filed in season, and the justice overruled the motion. In this I think he erred. The 14th section of the act, {Bloom. 55) requires the plaintiff, on or before the return day of the summons, to deliver his copy of account or state of demand, and in default thereof to be nonsuited. In construing this act, we must not forget the object of the legislature in this provision ; which was, that the plaintiff should, on the return of the writ, apprise the defendant of the claim he had to make against him. This object is totally defeated by permitting him to file his demand after the adjournment, after the parties are dismissed, and the defendant has retired. The day, with respect to the cause, is ended by the adjournment ; all matters with respect to it, cease for that day ; the justice ought not therefore to adjourn the cause, unless the demand is filed; he ought, in obedience to the act, to enter a nonsuit. If this be not the course, defendants are ever at the mercy of plaintiffs, and may be kept in perfect ignorance of the claim against them, until after they are obliged to file their pleas. This will not do. There are also errors in the account filed, but it is not necessary now to notice them.
Judgment reversed.